IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AVERY JAMES HARDAWAY | : CIVIL ACTION |
| | : |
| v. | : NO. 24-1801 |
| | : |
| RAYMOND J. HARDAWAY, METROPOLITAN POLICE DEPARTMENT OF THE DISTRICT OF COLUMBIA | : : : : |

## MEMORANDUM

**KEARNEY, J.**                                                                                                         **May 6, 2024**

Philadelphian Avery J. Hardaway pro se sues Washington, D.C. resident Raymond J. Hardaway and the Metropolitan Police Department of the District of Columbia for unidentified conduct arising from a camera or tracking device Mr. Hardaway believes someone or something implanted in his head. Mr. Hardaway believes unpleaded persons are stalking him through the camera or tracking device. He alleges no facts about Mr. Hardaway or the District of Columbia police. He sues them under two Pennsylvania criminal statutes.

We granted Mr. Hardaway leave to proceed without paying the filing fees and must screen his allegations before issuing summons. Mr. Hardaway does not plead a basis for our limited subject matter jurisdiction. Even if we did have subject matter jurisdiction, Mr. Hardaway fails to state cognizable claims. We dismiss Mr. Hardaway's claims without prejudice to timely plead facts allowing us to exercise our limited subject matter jurisdiction including naming state actors if he can do so consistent with the law.

I.  **Alleged pro se facts**

An unidentified actor implanted a camera or tracking device with a microphone in Avery J. Hardaway's head subjecting him to constant surveillance in the Philadelphia area.[1] An unidentified actor at an unidentified time lured Mr. Hardaway to the Plymouth Meeting Mall area for a family and friends reunion.[2] Mr. Hardaway walked miles, took public transportation, and called for an Uber and Lyft car service only to find no reunion when arriving at the house of an "ex."[3] Mr. Hardaway also intended to look for a job opportunity, but heard frightening voices at an unidentified later date, and attempted to stab his right eye with a knife.[4]

Non-party employees of the Southeastern Pennsylvania Transportation Authority (SEPTA), employees of retailers Michaels, Dave & Busters and restaurant RedStone, as well as family members, housemates, friends, former employees, co-workers, and neighbors and anyone with access to the implanted surveillance device are either involved or are witnesses.[5]

Mr. Hardaway asks us to order immediate removal of the implanted device, compensation for hospital bills, a "thorough investigation" into the surveillance device and its "perpetrators," "restoring order consideration," $750,000 in damages, medical malpractice suits involving unpleaded medical treatment in April 2024, and for an unidentified hospital to pay off his medical bills for an unpleaded violation of the Health Insurance Portability and Accountability Act.[6]

Mr. Hardaway named Raymond Hardaway and the District of Columbia police as Defendants but pleads no facts involving them. Mr. Hardaway bases our jurisdiction both on diversity of citizenship and a federal question citing two Pennsylvania criminal statutes.

We granted Mr. Hardaway leave to proceed without paying the filing fees after studying his sworn financial condition.[7] We lack jurisdiction over his complaint as currently pleaded and,

even if we did have jurisdiction, Mr. Hardaway fails to state plausible claims against Raymond Hardaway and the District of Columbia police.[8]

## II.   Analysis

Congress requires us to screen this Complaint after we granted Mr. Hardaway leave to proceed without paying the filing fees. Our screening obligations require us to dismiss Mr. Hardaway's complaint if his claims are "frivolous or malicious; fail[ ] to state a claim on which relief may be granted; or seek[ ] monetary relief from a defendant who is immune from such relief."[9] When considering whether to dismiss a complaint for failure to state a claim under section 1915(e)(2)(B), we apply the same standard provided in Federal Rule of Civil Procedure 12(b)(6).[10] We must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[11] We construe Mr. Hardaway's pro se Complaint liberally and "hold it to 'less stringent standards than formal pleadings drafted by lawyers.'"[12]

Mr. Hardaway checked the boxes on the form Complaint indicating he invokes both federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332(a).[13]

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."[14] Federal question jurisdiction exists in "civil actions arising under the Constitution, laws, or treaties of the United States."[15] Federal question jurisdiction must appear on the face of a properly pleaded complaint.[16]

We have no basis to find federal question jurisdiction. Mr. Hardaway purports to sue the District of Columbia police but makes no allegation against it. To the extent Mr. Hardaway attempts to assert a federal civil rights claim against the District of Columbia police under 42 U.S.C. § 1983, which would give us federal question jurisdiction, his complaint does not make a

single allegation against the police or other state actor.[17] "To state a claim under [section] 1983, [Mr. Hardaway] must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law."[18] There are no allegations Mr. Raymond Hardaway is a state actor.

Mr. Hardaway identified two Pennsylvania statutes he believes confers federal jurisdiction: 18 Pa. Cons. Stat. Ann. § 5504 and "various multiple" sections of Chapter 57 of Pennsylvania's criminal code at Title 18.[19] Pennsylvania's General Assembly repealed section 5504 of the criminal code in 2002. Section 5504, prior to being repealed, made "harassment and stalking by communication or address" a crime in Pennsylvania. The General Assembly recodified section 5504 at 18 Pa. Cons. Stat. Ann. § 2709, making harassment of another person a summary offense under Pennsylvania law.[20] Chapter 57 of Title 18 is Pennsylvania's Wiretapping and Electronic Surveillance Control Act.[21] Neither statute confers federal question jurisdiction.

We also lack diversity jurisdiction over Mr. Hardaway's complaint. We may exercise our diversity jurisdiction over cases raising claims exclusively under state law if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."[22] Complete diversity is required to invoke diversity jurisdiction.[23] No party can be a citizen of the same state as any opposing party. Although Mr. Hardaway named as Defendants two citizens of the District of Columbia (and not Pennsylvania), he makes no allegations against them. We lack diversity jurisdiction as currently pleaded.

**III.   Conclusion**

We dismiss Mr. Hardaway's Complaint without prejudice to timely filing an amended Complaint if he can swear facts allowing us to exercise federal subject matter jurisdiction or he may timely seek recovery in state court.

4

---

[1] Complaint, ECF No. 2 at 3, § III.C.

[2] *Id.*

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] *Id.* at 4, § V. The Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. § 1320d-6, prohibits the wrongful disclosure of individually identifiable health information.

[7] ECF No. 5.

[8] Mr. Hardaway filed three arguably frivolous cases in the same week. We dismissed one last week. *Hardaway v. Philadelphia Police 22nd-23rd, et al.*, No. 24-1783, 2024 WL 1936270 (E.D. Pa. May 1, 2024). We dismiss this one and the third one today. *Hardaway v. Philadelphia Police Dept.*, No. 24-1841. We afforded Mr. Hardaway the ability to timely amend if he can plead non-frivolous theories in each of his cases. Mr. Hardaway has one more chance to plead claims in this Court for each of his theories.

[9] 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). *See also* ECF Nos. 1, 2, 5.

[10] *Elansari v. Univ. of Pa.*, 779 F. App'x 1006, 1008 (3d Cir. 2019) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

[12] *Shorter v. United States*, 12 F.4th 366, 371 (3d Cir. 2021) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

[13] ECF No. 2 at 2, § II.A.

[14] *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (citation omitted).

[15] 28 U.S.C. § 1331.

[16] *Maglioli v. Alliance HC Holdings LLC*, 16 F.4th 393, 406 (3d Cir. 2021) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

[17] Congress in section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and

laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, ..." 42 U.S.C. § 1983.

[18] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[19] ECF No. 2 at 2, § II.B.

[20] 18 Pa. Const. Stat. Ann. § 2709.

[21] 18 Pa. Cons. Stat. Ann. § 5701, *et seq.*

[22] 28 U.S.C. § 1332(a).

[23] *Peace Church Risk Retention Grp. v. Johnson Controls Fire Prot. LP*, 49 F.4th 866, 870 (3d Cir. 2022).